IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES C. JAMES, et al.,

        Plaintiffs,                            No. 2:13-cv-0886 CKD P

     vs.

D. ARTIS, et al.,

        Defendants.                      ORDER

_____/

        Plaintiffs are state prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.[1]

        This court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

---

[1] Plaintiffs characterize this as a class action. However, plaintiffs have made no motion pursuant to Federal Rule of Civil Procedure 23 seeking to have the court certify this matter as a class action. Moreover, plaintiffs are non-lawyers proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class"); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966) (lay person lacks authority to appear as an attorney for others).

1

1 Fed. R. Civ. P. 21.  Courts have broad discretion regarding severance.  See Davis v. Mason
2 County, 927 F.2d 1473, 1479 (9th Cir. 1991).

3        In the instant action, plaintiffs are individuals in the custody of the California
4 Department of Corrections and Rehabilitation, presently confined at California Medical Facility. 
5 In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se
6 presents procedural problems that cause delay and confusion.  Delay often arises from the
7 frequent transfer of inmates to other facilities or institutions, the changes in address that occur
8 when inmates are released to parole, and the difficulties faced by inmates who attempt to
9 communicate with each other and with unincarcerated individuals.

10        Accordingly, the court will order that plaintiffs' claims be severed.  Plaintiff
11 Charles C. James will proceed in this action, while plaintiff Jason Turner will proceed in another
12 civil action to be opened by the Clerk of the Court.  Each plaintiff will proceed with his own
13 action and will be solely responsible for his own action.

14        The Clerk of the Court will be directed to assign the new action to the same
15 magistrate judge assigned to the instant action.  The Clerk of the Court shall make appropriate
16 adjustment in the assignment of civil cases to compensate for this reassignment.

17        Neither plaintiff has filed a request for leave to proceed in forma pauperis.  Since
18 the claims will be severed, each plaintiff will be given thirty days to file, in his own action, an
19 amended complaint and a new application for leave to proceed in forma pauperis, using the
20 forms provided by the court with this order.  Each plaintiff is cautioned that if an individual
21 action proceeds further it is probable that each plaintiff will incur a liability in the amount of the
22 $350.00 filing fee, which amount will be collected from the inmate's prison trust account.[2]  See
23 28 U.S.C. § 1915(b).

---

26    [2] See Information to Prisoners Seeking Leave to Proceed with a Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915.

1    Plaintiffs have requested the appointment of counsel. The United States Supreme
2 Court has ruled that district courts lack authority to require counsel to represent indigent
3 prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In
4 certain exceptional circumstances, the court may request the voluntary assistance of counsel
5 pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);
6 <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court
7 does not find the required exceptional circumstances. Plaintiffs' request for the appointment of
8 counsel will therefore be denied.
9    In accordance with the above, IT IS HEREBY ORDERED that:
10   1. The claims of plaintiff Jason Turner are severed from the claims of plaintiff
11 Charles C. James;
12   2. Plaintiff Charles C. James shall proceed as the sole plaintiff in case No. 2:13-
13 cv-0886 CKD P;
14   3. The Clerk of the Court is directed to:
15     a. Open a separate civil action for plaintiff Jason Turner;
16     b. Assign this action to the magistrate judge to whom the instant case is
17 assigned and make appropriate adjustment in the assignment of civil cases to
18 compensate for such assignment;
19     c. File and docket a copy of this order in the action opened for the plaintiff
20 listed in number 3a above;
21     d. Place a copy of the complaint in the file opened for the plaintiff listed
22 in number 3a above;
23     e. Strike from the caption of each plaintiff's complaint all plaintiffs'
24 names except the name of the individual plaintiff proceeding in the action;
25     f. Send each plaintiff an endorsed copy of his complaint bearing the
26 amended caption and the case number assigned to his own individual action.

4. Each plaintiff's complaint is dismissed;

5. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983 and a new Application to Proceed In Forma Pauperis By a Prisoner;

6. Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint and an application to proceed in forma pauperis, using the forms provided by the court with this order.  Each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint."  Each plaintiff must file an original and two copies of his amended complaint.  Failure to file an amended complaint or an application to proceed in forma pauperis in accordance with this order will result in a recommendation that the plaintiff's action be dismissed; and

7. Plaintiffs' motion to appoint counsel (Dkt. No. 2) is denied.

Dated: May 13, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
jame0886.2