UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TURNER, | No. 2:13-cv-0944 CKD P |
| Plaintiff, | |
| v. | ORDER |
| D. ARTIS, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se. On September 19, 2013, the court recommended that this action be dismissed for plaintiff's failure to file a third amended complaint. Plaintiff filed his third amended complaint on October 25, 2013. Good cause appearing, the court will vacate the September 19, 2013 findings and recommendations.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As with plaintiff's prior pleadings, the claims asserted in plaintiff's third amended complaint are so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's third amended complaint must be dismissed. The court will, however, grant plaintiff one final opportunity to cure the defects in his pleadings.

Plaintiff complains about limited access to outdoor exercise and being denied access to certain inmate programs such as church services. However, plaintiff fails to state any actionable claim because he either fails to identify who denied plaintiff access, when he was denied access, how long he was denied access, what the reasons given for denial of access were, or some or all of the above. To state a claim upon which relief could be granted for denial of access to things to which plaintiff is entitled under the Constitution, such as outdoor exercise, plaintiff must, at a minimum, explain who denied him access, the period of time he was denied access and the reason given for denial of access. If plaintiff cannot provide these essential details in his fourth amended complaint, the court will recommend that this action be dismissed.

Plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a fourth amended complaint, prior pleadings no longer serve any function in the case.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's September 19, 2013 findings and recommendations are vacated;

2. Plaintiff's October 25, 2103 request for an extension of time (ECF No. 13) is granted;

3. Plaintiff's third amended complaint is deemed timely;

4. Plaintiff's third amended complaint is dismissed; and

5. Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice and this order.  The fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint."  Failure to file a fourth amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 23, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/kly
turn0944.14(3)